F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUN 29 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SAMUEL E. TOOTLE, II,

Plaintiff-Appellant,

v.

FABIAS UITENHAM, MSG, Ft.
Leavenworth, KS; MARK
ANDERSEN,

Defendants-Appellees.

No. 03-3292
(D.C. No. 01-CV-3092-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **MURPHY** , and **TYMKOVICH** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Samuel E. Tootle, II, appeals pro se from the district court's orders dismissing his claims for damages against the defendants. At the time he filed this action, Tootle was a military prisoner in the United States Disciplinary Barracks at Fort Leavenworth, Kansas and his claims arise out of injuries he alleges that he sustained there. The district court dismissed Tootle's damage claims, relying on the *Feres* doctrine, *see Feres v. United States*, 340 U.S. 135 (1950), as applied to military prisoners in *Ricks v. Nickels*, 295 F.3d 1124 (10th Cir.), *cert. denied*, 537 U.S. 1056 (2002). We affirm.

Although he sought both damages and injunctive relief in his complaint, all of Tootle's issues on appeal concern the denial of his claims for monetary relief under the *Feres* doctrine. In his statement of facts, he explains that after he sought and obtained additional time to work on court documents, defendants retaliated against him by moving him to a tier that required him to climb additional flights of stairs, exacerbating his knee injury. He argues (1) that the district court erred in determining that his injuries were "incident to service" under *Feres*; (2) that the dismissal of his request for monetary relief denied him equal protection and violated the Thirteenth and Fourteenth Amendments to the Constitution by discriminating against military prisoners; and (3) that application of the *Feres* doctrine to military prisoners creates a "suspect class of prisoners." Aplt. Br. at 2.

A dismissal under the *Feres* doctrine is properly treated as a dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *Ricks*, 295 F.3d at 1127. We review such dismissals *de novo*. *Id.* Upon review, we affirm the challenged dismissal for substantially the same reasons stated by the district court in its original order of partial dismissal of September 25, 2002, and its order denying reconsideration dated September 22, 2003.

The judgments of the district court are AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge